Alva M. MARKLE and Dora E. Markle,
Respondents,

v.

Idelle FALLEK, Appellant.

No. 24788.

Kansas City Court of Appeals.

Missouri.

Feb. 5, 1968.

A. Warren Francis, Lloyd A. Hamrick, Roger J. Staab, Kansas City, for appellant.

John A. Watkins, Kansas City, for respondents.

JAMES W. BROADDUS, Special Commissioner.

On January 26, 1966, Alva Markle filed his action against defendant, Idelle Fallek, for personal injuries and property damages. Thereafter, on June 10, 1966, Dora Markle filed her action against defendant for loss of companionship and support of her husband Alva Markle. The cases were consolidated for trial. The jury found in favor of defendant. Plaintiffs filed a motion for new trial which the court sustained. Defendant has appealed.

The actions arise out of an automobile collision which occurred on October 12, 1965, at about 3:30 p. m., at the intersection of Rockhill Road and Volker Road in Kansas City, Missouri.

The traffic at this intersection is controlled by lights, one of which is a green arrow which points to the right. The City Traffic Code relative to "Green Arrow" provides that: "Vehicular traffic facing such signal may cautiously enter the intersection only to make the movement indicated by such arrow."

Plaintiffs first called as a witness Mr. Carter Emert, a member of the Kansas City Fire Department. He testified that on the day of the accident he was driving east on Volker Road; that he was in the left lane; that when he reached the intersection of Rockhill Road and Volker Road the traffic signal turned red; that he brought his car to a stop; that Mr. Markle "pulled up and stopped, and he was at a full stop a few seconds, ten seconds probably, it was a good stop"; that Markle's car was hit from the rear and knocked "into the middle" of the intersection.

Plaintiff, Alva Markle, testified that he was driving his 1959 Oldsmobile eastbound on Volker Road and passed the defendant's car, which was in the right lane, about one block west of Rockhill Road. After passing defendant's car Mr. Markle changed from the left to the right hand

lane. He testified that as he approached Rockhill Road in the right hand lane the traffic light for eastbound traffic turned yellow and he had just barely stopped when the light turned red; that another car on his left had also stopped; that he had been stopped about 8 to 10 seconds when his car was struck in the rear by the defendant's car and moved 30 to 35 feet into the intersection.

Defendant testified that she was eastbound on Volker Road in the right hand lane of traffic and as she approached Rockhill Road Mr. Markle came from the left hand lane and pulled in front of her without signaling and stopped. She further testified that when Mr. Markle got to the intersection the amber light and green arrow were on "so I took it for granted that he would swerve on up to his right." "I was intending to make a right turn, I applied my brakes, and then I slid into him." On direct-examination she was asked: "Did he stop suddenly in front of your car? A. I wouldn't say suddenly. I mean he stopped. Q. You didn't expect him to? A. No. I did not." On cross-examination she was asked: "Can you give us an idea—or I believe you have testified that he had come to a complete stop, is that right? A. Yes, sir. Q. And would you give us an idea of how long he had been stopped when you applied your brakes? A. I don't have any idea."

The ground assigned by the trial court for sustaining plaintiffs' motion for new trial was that the Court erred in giving Instruction 8 at the request of defendant. That Instruction reads as follows:

"Your verdict must be for the defendant whether or not defendant was negligent if you believe:

First, plaintiff Alva Markle either failed to keep a careful lookout, or suddenly stopped his automobile on the street without first giving an adequate and timely warning of his intention to stop; and,

Second, plaintiff Alva Markle's conduct, in any one or more of the respects submitted in Paragraph First, was negligence; and

Third, such negligence of plaintiff Alva Markle caused or directly contributed to cause any damages plaintiffs may have sustained."

The Instruction was patterned after M A I 28.01, 17.05 and 17.12 and therefore in proper form. The question is, was it supported by the evidence? The trial court in granting plaintiffs a new trial held that it was not, and with that conclusion we agree.

We have set forth all the testimony bearing on the question of whether or not Mr. Markle "suddenly stopped his automobile on the street * * *." He testified that his car had been stopped about 8 or 10 seconds before it was struck from the rear by defendant's car. The testimony of Mr. Emert, a disinterested witness, was to the same effect. Defendant declined to say that the Markle car stopped *suddenly* in front of her car. All that she testified to was that "he stopped"; that she "did not expect him to." She "took it for granted that he would swerve on up to his right." She had no right to make such an assumption. Under the Ordinance the right turn "indicated" by the green arrow, was permissive—not mandatory.

The Supreme Court Committee on Jury Instructions in recommending the new M A I, reported as follows:

"The Committee believes that the jury should not be instructed on a theory of recovery or defense not supported by the evidence, and that any such submission, whether in the conjunctive, should be reversible error." M A I XIX.

The order granting a new trial should be affirmed and the cause remanded. Your Special Commissioner so recommends.

## PER CURIAM:

The foregoing opinion by JAMES W. BROADDUS, Special Commissioner, is hereby adopted as the opinion of the Court, and the order granting a new trial is affirmed and the cause remanded.

All concur.